(48 Misc. Rep. 496)

KATZENSTEIN v. FIDELITY & CASUALTY CO. OF NEW YORK.

(Supreme Court, Appellate Term.   November 24, 1905.)

INSURANCE—AVOIDANCE OF POLICY—BREACH OF CONDITION.

A burglary insurance policy required assured, upon the occurrence of loss, to give immediate notice of loss to the insurer and to the police, and to present a claim exhibiting certain specified particulars, and provided that the policy should be void if the conditions of the risk should be materially changed without the written consent of the insurer. In July plaintiff's house was renovated, and left in the occupation of workmen and servants, while the family went away.   On the return of the family about the 1st of January it was discovered that things were out of place and that certain articles could not be found, but no notice was given to the insurer until the end of January, and no information to the police before March.   Furthermore, no notice was given to the insurer of the changes in the risk.   Held, in an action on the policy, that no case was made out against the insurer, and the complaint was properly dismissed.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Herman Katzenstein against the Fidelity & Casualty Company of New York.   From a judgment for defendant, plaintiff appeals.   Affirmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Black, Olcott, Gruber & Bonynge, for appellant.
Nadal, Carrere & Jones, for respondent.

MacLEAN, J.  Missing certain articles of value from his house, the plaintiff on January 30, 1905, resorted to a claim upon a policy of insurance against "direct loss by burglary, larceny, or theft," issued him by the defendant upon certain conditions, inter alia, that the assured, upon loss occurring, give immediate notice to the company, or its agent, and to the police, that the assured present forthwith a claim exhibiting certain specified particulars, and that the policy be void if the conditions or circumstances of the risk be materially changed without the written consent of the company.  Evidence of noncompliance with each of these conditions was not wanting, while, beyond the fact of their disappearance, the case was bare of showing that the articles had been feloniously abstracted.  In July of 1904, in anticipation of renovating the house, madame packed up and put away many things, including an ivory piece and a dozen spoons.  There came in plasterers, painters, carpenters, and the lighting people.  The family remained in the house for a time, later slept in an apartment, though taking meals in the house, later left it in the occupation of the workmen and two servants, the lady and daughter to visit in Cleveland, and the husband to go South.  Returning just before January, 1905, Mrs. Katzenstein discovered right away that an electric annunciator was not in the closet where it belonged, that three automatic burners (which had been taken off for the new electric lights) were not about, and in the first days that she could not find the ivory piece or the spoons.  No notice to the company of the disappearance of these things appears before the presentation of the meager "proof of loss" at the end of January; no information to the police before March.  More noteworthy still is it that no intimation was given of the material changes in the conditions and circumstances of the risk, which changes, if known, might have caused the company to exercise its reserved option to cancel the policy upon tendering the unearned premium.  The testimony of the plaintiff and his witness made out no case against the defendant, and the complaint was rightly dismissed.

Judgment affirmed, with costs.  All concur.